IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DERRICK DEAN COFFELT,

    Plaintiff,

v.

KATHARINE R. SEMPLE,

    Defendant.

Case No. 6:20-cv-00636-AC

ORDER TO DISMISS

HERNÁNDEZ, Chief Judge.

    Plaintiff, an adult in custody at the Marion County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## **BACKGROUND**

    Plaintiff names as defendant Marion County Assistant District Attorney Katharine Semple. Plaintiff alleges defendant violated plaintiff's speedy trial rights in connection with a criminal case

1 - ORDER TO DISMISS

in which plaintiff has been convicted but awaits sentencing.  By way of remedy, plaintiff seeks declaratory and injunctive relief, as well as money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" Id. (citation omitted).

Prosecutors are absolutely immune from liability for damages caused by conduct within the scope of their authority and "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Absolute prosecutorial immunity is not defeated by a showing of malicious or wrongful conduct. *Imbler*, 424 U.S. at 431.

Plaintiff's claims against defendant involve conduct associated with the judicial phase of the criminal process. Accordingly, to the extent Plaintiff seeks money damages against defendant, plaintiff's claim is barred by prosecutorial immunity.

To the extent plaintiff seeks injunctive relief barring defendant from participating in plaintiff's criminal case, such relief is not available under 42 U.S.C. § 1983. Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings"). Abstention under *Younger* is required when "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves." *San*

3 - ORDER TO DISMISS

*Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Plaintiff alleges his criminal proceedings were ongoing at the time he filed his Complaint. There is no question his criminal proceedings involve important state interests. In addition, plaintiff's claims of alleged speedy trial violation is the type of claim the state courts afford an adequate opportunity to raise on direct appeal. *San Jose Silicon Valley*, 546 F.3d at 1092. Accordingly, because his criminal proceedings were alleged to be ongoing at the time he filed suit, plaintiff may not proceed in a § 1983 action. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (holding that *Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction . . . until after the jury comes in, judgment has been appealed from and the case concluded in the state courts"). Accordingly, plaintiff cannot obtain the injunctive relief he seeks.

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 20 day of July, 2020.

Marco A. Hernández
Chief United States District Judge